Rajendra **ULLAL**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72367.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Judith Lott, Newark, CA, for Petitioner.

R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Steven J. Saltiel, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Rajendra Ullal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), we deny the petition for review.

Substantial evidence supports the IJ's partial adverse credibility determination. Ullal testified that he fears his father will have him killed if he returns to India because he has converted to Christianity, yet he failed to mention this purported fear in his asylum application or his otherwise detailed declaration submitted two weeks before his merits hearing. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (upholding adverse credibility finding where alien failed to mention pivotal event in asylum application).

Substantial evidence also supports the agency's conclusion that Ullal is not eligible for withholding of removal because he could relocate safely in India. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995,

998–99 (9th Cir.2003) (relying on a country report to determine the reasonableness of internal relocation). Contrary to Ullal's assertion, both the BIA and IJ properly considered background material on India to determine that Ullal could safely relocate. *See id.*

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

